# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ JULIÁN CRUZ-BERRÍOS,<br><br>    Plaintiff,<br><br>    v.<br><br>PUERTO RICO DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al.,<br><br>    Defendants. | CIVIL NO.: 16-3155 (PAD) |

## REPORT AND RECOMMENDATION

On December 16, 2016, inmate José Julián Cruz-Berríos filed a pro se complaint under Title 42, United States Code, Section 1983; the American with Disabilities Act of 1990, 42 U.S.C. §12132; the Rehabilitation Act of 1973, 29 U.S.C. §794; the Constitution of Puerto Rico and 31 L.P.R.A. §5141 (or what is labeled in the complaint as "Puerto Rico's general negligence statute") against the Puerto Rico Department of Corrections and Rehabilitation, the Correctional Health Services Corp. ("CHSC") and multiple individuals including but not limited to CHSC President Manuel Quilichini (identified in the complaint as Chief Executive Officer Manuel Chiquilini) and physician Dr. Gladys Quiles.[1] Among other causes of action, plaintiff "seeks injunctive relief, for the depravation [sic] of his constitutional right to adequate medical treatment and to be free of wanton infliction of his pain and suffering which in turn is considered infliction of cruel and unusual punishment." ECF No. 2, at 4.

On August 15, 2017, the court stayed the case, but for the request for injunctive relief. ECF No. 19. Plaintiff's injunctive relief encompasses that defendants be ordered to: (1) "[c]omply with

---

[1] Currently plaintiff is represented by counsel Luis Ríos. ECF No. 53.

their Constitutional and statutory obligations and provide Plaintiff his medical (insulin) treatment as ordered by his physician"; (2) "provide plaintiff with access to the appropriate medical professionals to treat his diabetic neuropathy condition on a regular basis, including access to a Podiatrist, Psychiatrist, Gastroenterologist and any other health specialists"; (3) not cause plaintiff "any further emotional distress, mental pain, anguish, embarrassment, humiliation, physical abuse or punishment and psychological disturbance"; (4) "halt any future unconstitutional conduct and prevent the same sorts of violations alleged in … [the c]omplaint in any of the various facilities where plaintiff could be housed." ECF No. 2 at 44.

On August 29, 2017, co-defendant Mr. Quilichini filed a motion in opposition to the request for injunctive relief, arguing that granting the injunctive relief requested would have an adverse effect "on the design and effectives of Puerto Rico Correctional Health System." ECF No. 31, at 2. Moreover, Mr. Quilichini argues that contrary to his allegations, plaintiff has been provided with his insulin dosage as ordered by his physician, but that since July 29, 2017 plaintiff has "routinely negated to receive administration of the same treatment he know [sic] seeks this Court's command via injunctive relief." Id. Furthermore, Mr. Quilichini contends that plaintiff has indeed been receiving the medical treatment that he needs and has had access to the appropriate medical professionals "who have provided him with adequate treatment for his diabetic neuropathy condition on a regular basis." Id. at 2, 3. Finally, Mr. Quilichini asserts that "it is part of the medical judgment of the doctors at Correctional Health to determine if plaintiff['s] medical condition requires external medical assistance and not a decision to be taken by the inmate by himself." Id. at 3.

On November 29, 2018, codefendants Mr. Quilichini and Dr. Quiles filed a motion to dismiss the request for injunctive relief due to lack of an indispensable party. ECF No. 56. As of today, this motion to dismiss remains unopposed.

The motion to dismiss informs that the last day that CHSC was responsible for the administration of the health program of Puerto Rico's correctional system was September 30, 2018, and that since October 1, 2018, Physicians HMO is the entity that administers said program. ECF No. 56, at 4. Mr. Quilichini and Dr. Quiles are respectively the President and Medical Director of CHSC; therefore, the motion to dismiss argues, neither of them are in a position to comply with any injunction as they do not have a role within Physicians HMO. Id.

The plaintiff has not disputed the fact that Physicians HMO, and not CHSC, is the current provider of health services in the prisons of Puerto Rico. Therefore, it is evident that the injunctive relief requested, even if granted, cannot be carried out by CHSC.

Mr. Quilichini and Dr. Quiles are requesting that the request for injunctive relief be dismissed for lack of an indispensable party, namely Physicians HMO. For purposes of the injunctive relief requested, Physicians HMO is indeed an indispensable party that is not present in the complaint.[2] Moreover, the complaint, as currently drafted, sheds no light as to whether the concerns raised regarding plaintiff's health have become moot since Physicians HMO took over the health program of Puerto Rico's correctional system. Therefore, it is recommended that the request for a preliminary and permanent injunction in paragraph B of page 44 of the complaint (ECF No. 2) be denied, rendering the motion to dismiss moot. To properly proceed on this matter, plaintiff, who is currently represented by counsel, would need to amend the complaint to include

---

[2] It is not evident, however, that Physicians HMO is an indispensable party for other causes of action that have been stayed.

3

Physicians HMO as a defendant and file a motion for preliminary injunction against said entity if the request for injunctive relief has not become moot.[3]

The parties have fourteen (14) days to file any objections to this report and recommendation unless otherwise ordered by the court. Failure to file the same within the specified time waives the right to object to this report and recommendation. Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B); D.P.R. Civ. R. 72(d); see also 28 U.S.C. § 636(b)(1); Henley Drilling Co. v. McGee, 36 F.3d 143, 150–51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 9th day of January, 2019.

s/Marcos E. López  
U.S. Magistrate Judge

---

[3] In the interest of justice and efficiency, it is also recommended that in view that the injunctive relief requested pertains to matters related to plaintiff's health, the attorneys of record be ordered to meet and confer in good faith to try to resolve any misunderstandings that may have arisen in the treatment of plaintiff's health conditions. Plaintiff's counsel is urged to meet with his client to discuss the argument raised by the defense that since July 29, 2017, plaintiff has allegedly refused to receive the medical treatment that he is now seeking to obtain by means of an injunction.