IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE JULIAN CRUZ BERRIOS<br>Plaintiff,<br><br>v.<br><br>PUERTO RICO DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.<br>Defendant. | CIVIL NO. 16-3155 (PAD)MEL |

**RESPONSE IN OPPOSITION TO "AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION (DKT. 75)**

TO THE HONORABLE COURT:

**COMES NOW** co-defendants, Department of Correction and Rehabilitation of the Commonwealth of Puerto Rico ("DCR"), Pedro Nieves Mercado, Francisco Matias Ramos, Monserrate Garcia, Javier Vargas Casillas, Wanda Montañez Santiago, Fernández Troche Rivera, Emmanuel Tirado Carrillo, Wilfredo Jimenez Rodríguez, Javier Luna, Héctor Santiago, Walter Soto Hernández, David Águila Rodríguez and Marcos Cruz Díaz, in their personal and official capacities, without submitting to this Court's jurisdiction and without waiving any right or defense arising from Title III of PROMESA and the Commonwealth's Petition under said Title, and through the undersigned attorney respectfully sets forth and prays:

**I. INTRODUCTION**

Plaintiff José Cruz Berrios ("Cruz" or "Plaintiff"), is an inmate under the custody of the DCR, incarcerated at the "Bayamon" 501 Correctional Institution. On May 13, 2019, Plaintiff filed a Motion for Temporary Restraining order and Preliminary Injunction (ECF no. 75). In essence, Mr. Cruz-Berrios is requesting from this Honorable Court to grant a preliminary injunction enjoining Defendants until Plaintiffs may be heard on the merits of their Complaint for a permanent injunction, alleging that he is being discriminated and subjected to cruel treatment and punishment by the Co-defendants

Department of Correction and Physicians HMO. In support to his request Plaintiff allege the following:

1.   Defendants are not administering Plaintiff the insulin treatment as ordered by his doctor. According to Plaintiff, he is to be administered five (5) doses per day of insulin divided into sections three (3) times a day, via injection. The doses should be given in the morning and evening hours between an hour and a half and one hour before and after meals.

2.   In addition, Defendants are not providing Plaintiff with a low sodium diet of 2200 calories per day, including three (3) fruit snacks.

3.   Furthermore, Plaintiff alleges that he needs a four-legged walker, needs to be taken to a podiatrist and received treatment for Hepatitis C.

On May 14, 2019, this Honorable Court denied the request for temporary restraining order and ordered Defendants to respond to the given allegation presented in the motion, no later than May 21, 2019. (ECF no. 76).

As shall be discussed herein, Plaintiff' request for a preliminary injunction failed to comply with the pleading standard required by law. In the alternative, Plaintiff has failed to exhaust the administrative remedies as to the facts alleged in his complaint. Defendants posit they have been complying with their obligation to provide Plaintiff with medical treatment in the best manner and interest of the patient as well as in compliance with the accepted medical practice. In light of the foregoing and as will be explained herein, appearing Defendants request from this Honorable Court to DENY Plaintiff' *Motion for Preliminary Injunction* and DISMISS the Verified Complaint. (ECF no. 2 and 75.)

## II. BRIEF BACKGROUND

On December 16, 2016, Pro se Plaintiff José Cruz Berrios ("Cruz" or "Plaintiff"), filed the instant 42 U.S.C. § 1983 Complaint and request for injunctive relief against the appearing Defendants (ECF no. 2).

On August 14, 2017, appearing defendants filed a *Notice of Automatic Stay of Proceedings Pursuant to the Commencement of Case Under Title III of PROMESA*. (ECF no. 17). On August 15, 2017, the Court issued an order granting in part and denying in part the Notice of Automatic Stay, staying the request for monetary damages, but not so as to the request for injunctive relief. (ECF no. 19). After several events, on August 16, 2017, Defendants were ordered to file a motion addressing whether plaintiff was entitled to a Preliminary injunctive hearing. (ECF no. 24 and 26).

Accordingly, on August 29, 2017, the Co-defendant Manuel Chiquilini, the Chief Executive Officer of Correctional Health Services Corporation ("CHSC") filed a *Motion in Compliance and in Opposition to Injunctive Relief Requested*. On August 31, 2017, the appearing Co-defendants filed a *Motion for Reconsideration of Order at ECF no. 19 and Motion in Compliance with order ECF no. 26*. The exhibit (ECF no. 33-1) included in appearing defendants' Motion –Certification-- that detailed the medical services that were being provided to Plaintiff by CHSC showed that these services were in fact in accordance with the prescribed medical treatment. Thereafter, on November 29, 2018, Co-defendant Manuel Quilichini filed a *Motion to Dismiss Injunctive Relief for Lack of an Indispensable Party*. (ECF No. 56). Said Motion stated that CHSC was no longer the entity that administers the Health Program for the Puerto Rico Correctional System's prisons effective September 30th, 2018; and that, as of October 1st, 2018, *Physicians HMO* is the entity that administers said program. (ECF no.56 p.4). As such, Co-defendant stated that an indispensable party is missing for this Court to be able to adjudicate Plaintiff's request for injunctive relief.

3

Consequently, on January 10, 2019 the Magistrate Judge assigned to the case issued a *Report and Recommendation* ("R&R") regarding the pending request for injunctive relief and the motion to dismiss at ECF no. 56. (ECF no. 58). The *R&R* asserted that for purposes of the injunctive relief requested, Physicians HMO is indeed an indispensable party that is not present in the complaint. Therefore, it conclude that to properly proceed on this matter, plaintiff, who is currently represented by counsel, would need to amend the complaint to include Physicians HMO as a defendant and file a motion for preliminary injunction against said entity, if the request for injunctive relief has not become moot.

After more than four (4) months later, on May 13, 2019, Plaintiff filed a *Motion for Temporary Restraining order and Preliminary Injunction* and included as a party Physicians HMO. (ECF no. 75). On May 14, 2019, this Honorable Court issued an order whereby it denied the request for temporary restraining order and ordered Defendants to respond to the allegations presented in the motion no later than May 21, 2019. (ECF no. 76).

### III. FAILURE TO EHAUST ADMINISTRATIVE REMEDIES WARRANT DISMISSAL OF THE VERIFIED COMPLAINT

Claims arising under the Prison Litigation Reform Act of 1995 ("PLRA") require exhaustion of administrative remedies prior to filing suit in court. Accordingly, under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See Jones v. Bock, 549 U.S. 199, 204 (2007) (citing 42 U.S.C. § 1997e(a)).  The Court also held that "failure to exhaust is an affirmative defense under the PLRA," id. at 216, and as such, "defendant prison officials must specifically raise the failure to do so as a defense. If they do not, the defense may well be waived." Id.

4

With regards to Plaintiff's Section 1983 claim, the First Circuit has held that "[a] prisoner must exhaust administrative remedies before a complaint under § 1983 will be entertained even where the relief sought cannot be granted by the administrative process." See Johnson v. Thyng, 369 Fed.Appx. 144 at 147 (1st Cir.2010) (*quoting* Booth v. Churner, 532 U.S. 731, 734, 121 S.Ct. 1819 (2001)). The Court also noted that **"[e]xhaustion is mandatory**," See Johnson, 369 Fed.Appx. at 146 (*quoting* Woodford v. Ngo, 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)), and "has a decidedly procedural emphasis." *Id.* (*quoting* Booth, 532 U.S. at 739).

Importantly, "exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." López v. Ortiz, 2015 U.S. Dist. LEXIS 43643, *17-18, 2015 WL 1470566 (D.P.R. Mar. 31, 2015) (citing Woodford v. Ngo, 548 U.S. 81, 85 (2006) (exhaustion is required even if the relief sought –e.g. monetary—cannot be granted by the administrative process); see also Porter v. Nussle, 534 U.S. 516, 520 (2002) (finding that Section 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences, be it general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong). Given the mandatory nature of the exhaustion requirement, proof of a plaintiff's failure to exhaust warrants dismissal of a plaintiff's complaint. See, e.g., Johnson v. Thyng, 369 Fed.Appx. 144 (1st Cir. 2010).

**The "boundaries of proper exhaustion" in any given case are defined by the prison system's own procedural requirements—not by the PLRA itself—and are a question of law**. See Jones v. Bock, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Before you file a lawsuit you must try to resolve your complaint through the prison's grievance procedure. If the prison provides a second or third step like letting you appeal then you must also take those steps. **Exhaustion requires filing a grievance**

5

**and pursuing all available administrative appeals**. See White v. McGinnis, 131 F. 3d 593 (6th Cir. 1997). "A prisoner who files a complaint in federal court asserting **multiple claims against multiple prison officials based on multiple prison grievances** must have **exhausted each claim** against **each defendant** in at least one of the grievances." See Abdul-Muhammad v. Kempker, 450 F3d350 (8th Cir.2006)

In Puerto Rico, any member of the correctional population seeking administrative remedies must comply with the grievance procedure established by Regulation 8583[1] (Rules VII to XV). Specifically, Rule VII of Regulation 8583 states:

> The member of the correctional population shall be responsible for filing the requests for remedies in a clear, concise, and honest manner, indicating the dates and **names of the people involved in the incident**. **Likewise, the member shall offer all information needed to resolve his or her claim effectively.** (Emphasis added.)

Once the request is duly filed, and the member of the correctional population is notified with a response to his/her claim, there are additional steps to be exhausted at the administrative level if the inmate disagrees with the response given. He or she may request a review in a request for reconsideration with the coordinator, within twenty (20) calendar days from the receipt of the notification of the response. (Regulation 8583, Rule XIV-1). After this, if the member of the correctional population continues to remain displeased with the coordinator of administrative remedies' resolution, he or she may request judicial review-Regulation 8583 Rule XV- before the Puerto Rico Court of Appeals, in compliance with the Section 4.02 of the Uniform Administrative Procedure Act, Section 4.2, Act. No. 170, August 12, 1988; P.R. Laws Ann. Tit. 3 2172. Furthermore, the member of the correctional population has to file a Certiorari with the Supreme Court of Puerto Rico, in order to exhaust all remedies available before filling a complaint in the Federal District Court. It is Plaintiff's obligation to have satisfied the

---

[1] See Exhibit 1

PLRA's exhaustion requirement, if not, his case must be dismissed. See Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002).

"The defendant carries the burden of proving that the plaintiff failed to exhaust all available administrative remedies before filing suit." See Cruz-Berríos v. Oliver Baez, 792 F. Supp. 2d 224, 228 (D.P.R. 2011). To satisfy the burden, **the defendant must prove that: (1) administrative remedies were in fact available to the plaintiff, and (2) the plaintiff failed to exhaust them**. Id.

In the instant case, Mr. Cruz-Berrios failed to exhaust administrative remedies as to the facts alleged in his complaint.

On January 9th, 2015, Mr. Cruz-Berrios began the administrative grievance process by filing a *Request for Administrative Remedy*, nevertheless, he did not *Request for Reconsideration* nor sought judicial review before the Puerto Rico Court of Appeals, and ultimately to the Supreme Court of Puerto Rico, prior to the filling of this action. On December 1st, 2015, Plaintiff began another administrative grievance process by filing a *Request for Administrative Remedy*, but once again he fail to exhaust the administrative remedies since he did not seek *Reconsideration*, judicial review before the Puerto Rico Court of Appeals, and ultimately to the Supreme Court of Puerto Rico, prior to the filling of this action. A certification issued by the Administrative Remedies Program of the Puerto Rico Administration of Corrections, dated May 16, 2019, reveals that plaintiff failed at the aforementioned[2].

Accordingly, Plaintiff failed to overcome the jurisdictional hurdle of the PLRA's exhaustion requirement for this type of action regarding prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter, id. Despite the available administrative remedies, Plaintiff failed to exhaust them before filing this lawsuit. In conclusion, the mandatory exhaustion

---

[2] See Exhibit 2

of administrative remedies was not met with respect to the claim raised or the defendants named in this lawsuit. Thus, the dismissal of this case in its entirety is warranted by this Court.

### IV. THE REQUEST FOR PRELIMINARY INJUNCTION MUST BE DENIED FOR FAILING TO COMPLY WITH THE FOUR-PRONG INQUIRY.

#### A. Preliminary injunction standard

When determining whether to grant a preliminary injunction, the court evaluates four factors: "(1) the movant's probability of success on the merits, (2) the likelihood of irreparable harm absent preliminary injunctive relief, (3) a comparison between the harm to the movant if no injunction issues and the harm to the objectors if one does issue, and (4) how the granting or denial of an injunction will interact with the public interest." New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 8-9 (1st Cir. 2002) (citing Ross—Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996)). "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Id. (citing Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)).

#### B. APPLICABLE LAW AND ANALYSIS

To the extent that the Plaintiff did not exhaust the administrative remedies, it is unnecessary to discuss the four (4) factors mentioned above. Notwithstanding, Plaintiff is unsuccessful at the start of the four-part inquiry by failing to duly set forth that he is likely to succeed on the merits of his claims by showing that the DCR and Physicians HMO have failed to administer his medical treatment, failed to provide him with a low sodium and low calorie diet and denied him access to medical services, all of which caused a negative effects to his health.

The Medical Certification[3] signed by Dr. Gladys Quiles, the Director of Medical Services at Physician HMO, dated May 17, 2019, reveals that Plaintiff has not been deprived of insulin or access to medical doctors and that it is plaintiff who has reneged to receive the dosage. In addition, the Certification also shows that Plaintiff's medical conditions are under proper management of the medical personnel of Physician HMO and that he has been referred for outside professional medical care for those conditions for which it has been required.

### 1. Likelihood Of Prevailing On The Merits

#### a.  Insulin intake and diabetic diet

In Mr. Cruz Berrios's request for relief, he claims that Defendants are not administering the insulin treatment as ordered by his doctor. As to this, Plaintiff alleges that he needs five (5) doses per day of insulin divided into sections, three (3) times a day, via injection, administered in the morning and evening hours between an hour and a half and one hour before and after meals. In addition, Mr. Cruz-Berrios also claims that Defendants are not providing him with a low sodium diet of 2200 calories per day, including three (3) fruit snacks.

Contrary to plaintiff allegations, on April 22, 2019, Mr. Cruz Berrios was evaluated by endocrinologist who recommended for diabetes management: Lantus dieted in two (2) doses 35u on each arm at the same time, Humalog 17u before breakfast, Humalog 12u before lunch, Humalog 12 u before each meal. This regimen has been followed by the doctors and nurse personnel in charge of the insulin administration, but Mr. Cruz is not entirely compliant with his treatment. (See Medical Certification, Exhibit 3 ¶ 7).

With regard to the low sodium and low calorie diet it is inform that Mr. Cruz-Berrios refuses to receive any kind of diet. (See Medical Certification, Exhibit 3 ¶ 8).

---

[3] See Medical Certification attached herein as Exhibit 3.

Thus, the injunctive relief requested by Plaintiff, as to the insulin and diet, should be denied as he has not been able to establish any likelihood of success on the merits of such claim and, much less, any irreparable injury. Any irreparable injury, if any, it is self-inflicted for Plaintiff denial to receive the medicine.

b. Access to medical care

Plaintiff Mr. Cruz-Berrios alleges that despite his diabetic neuropathy condition, which affects his feet's and legs, he has never seen a podiatrist. (*Motion for Preliminary Injunction, at page 6*). Furthermore, Plaintiff alleges that he needs to receive treatment for Hepatitis C and a four-legged walker.

However, Plaintiff has had many appointments with the podiatrist, but he has refused to attend the appointments. Plaintiff failed to attend the following appointments: August 31, 2017, January 18, 2018 and May 18, 2018. A new appointment with podiatrist is schedule for June 6, 2019.   (See Medical Certification, Exhibit 3 ¶¶ 6 and 10).

With regard to the Hepatitis C treatment, Plaintiff is scheduled to be evaluated by a gastroenterologist on June 18, 2019 in order to establish if he is a candidate for treatment. Therefore, Defendants are making the necessary efforts to provide Plaintiff with the medical services requested by him, but the patient must collaborate.  (See Medical Certification, Exhibit 3 at ¶ 11).

With regard to the walker, at the moment, he has a cane that assists him in walking and it has not established the need for other type of equipment. (See Medical Certification, Exhibit 3 at ¶ 9).

Thus, the injunctive relief requested by Plaintiff should be denied as he cannot establish the likelihood of success on the merits of his claims or any irreparable injury. Any injury, if any, is self-inflicted due to Plaintiff refusal to attend his medical appointments and/or receive any kind of diet.

**2. Irreparable Harm**

In order to prevail in a preliminary injunction request plaintiffs must establish the existence of an irreparable injury and that no adequate remedy for the injury exists at law. An injury will only be considered irreparable if no adequate remedy for the injury exists at law. See Foxboro Co. v. Arabian Am. Oil Co., 805 F.2d 34, 36 (1st Cir. 1986).

The alleged deprivation of adequate conditions must be objectively serious, that is, the conditions of confinement must have deprived the plaintiff of "the minimal civilized measure of life's necessities." See Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392; see also, e.g., Farmer v. Brennan, 511 U.S. at 833–34, 114 S.Ct. 1970 (holding that deliberate indifference to a prisoner's substantial risk of serious harm at the hands of other inmates is unconstitutional); Hutto v. Finney, 437 U.S. 678, 687, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) (holding that prolonged isolation in overcrowded, violent conditions without adequate food is unconstitutional); Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (holding that deprivation of necessary medical treatment is unconstitutional). "The Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." Farmer, 511 U.S. at 832 (1994).

In the instant case, Plaintiff is not being deprived of any of the services mentioned in his injunctive relief. Plaintiff, like every other inmate, has had continuous access to medical services and receives monitoring and treatment for all his medical conditions by internal medicine doctors and external clinics. Therefore, Plaintiff is not suffering an actual and imminent injury. In the absence of an injunction, Mr. Cruz-Berrios will not face an imminent danger to his health. As such, Plaintiff claims are unwarranted and should be dismiss.

### 3. Balance Of Equities

The Mr. Cruz-Berrios must show that issuing an injunction will burden the Defendants less than denying an injunction would burden him. The Defendants submit that the balance of hardships tilts in their favor. Mr. Cruz-Berrios has not shown there to be any danger to his health as a result of a denial of access to medical services or the lack of medical care. Furthermore, the Defendants assert that Plaintiff will continue to receive the medical services that are in his best interest. Plaintiff have failed to outweighs any harm which granting preliminary injunctive relief would inflict upon the defendant, who are already providing the services and required medical care. Plaintiff will suffer no hardship if the injunction is not granted.

### 4. Public Interest Will Or Will Not Be Adversely Affected By The Grant Of An Injunction

The case at bar, involves an important public policy interest; prison officials must ensure that the conditions of confinement, in and of themselves, do not impose an "unnecessary or wanton infliction of pain." See Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); see also Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (holding that deprivation of necessary medical treatment is unconstitutional).

Lastly, to obtain an injunction, the plaintiff must demonstrate that issuing an injunction "will promote (or, at least, not denigrate) the public interest. Defendants posit that Plaintiff have not satisfied the necessary steps for attaining an injunction. Plaintiff has not been deprived of medical treatment. Defendants are providing the medical services that are ordered by Plaintiff's doctors, as evidenced in the Medical Certification hereby enclosed as Exhibit 3. As such, the public interest will be adversely affected if the preliminary injunctive relief is granted since he is requesting services or treatment he

does not need or fails to cooperate in his treatment, as prescribed by his doctors. Prison officials are ensuring that Plaintiff be provided with the medical care needed for his medical condition, thus, no imposition of an "unnecessary or wanton infliction may be found.

## V.     CONCLUSION AND PRAYER

In the case at bar, Plaintiff failed to properly plead his alleged entitlement to a preliminary injunction since the complaint is utterly devoid of a proper discussion of the above-stated fore-part inquiry in order for this Honorable Court to consider his request. Therefore, plaintiff' request for a preliminary injunction failed to comply with the legal pleading standard required by law. In the alternative, plaintiff is not entitled to a preliminary injunction since he has failed to exhaust the administrative remedies as to the facts alleged in his complaint.

**WHEREFORE**, it is respectfully requested from this Honorable Court to GRANT the instant motion and DENY plaintiff' *Motion for Preliminary Injunction*. (ECF no. 75) and DISMISS the instant case with prejudice.

**I HEREBY CERTIFY** that on this same date I have filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 21st day of May 2019.

| | |
|---|---|
| **WANDA VÁZQUEZ GARCED**<br>Secretary of Justice<br><br>**WANDYMAR BURGOS VARGAS**<br>Deputy in Charge of General Litigation<br><br>**SUSANA PEÑAGARÍCANO BROWN**<br>Director of Federal Litigation and<br>Bankruptcy Division | <u>s/Melissa Massheder Torres</u><br>**MELISSA MASSHEDER TORRES**<br>USDC No. 302411<br>Department of Justice of Puerto Rico<br>Federal Litigation Division<br>P.O. Box 9020192<br>San Juan, Puerto Rico 00902-0192<br>Phone: 787-721-2900 Ext. 2651<br>Fax: 787-723-9188<br>e-mail: <u>melissamassheder@gmail.com</u>;<br><u>mmassheder@justicia.pr.gov</u> |