# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE JULIAN CRUZ-BERRIOS,<br><br>**Plaintiff,**<br><br>v.<br><br>PUERTO RICO DEPARTMENT OF CORRECTION AND REHABILITATION, ET AL.,<br><br>**Defendants.** | CIVIL NO. 16-3155 (RAM) |

## OPINION AND ORDER

### I. INTRODUCTION AND BRIEF PROCEDURAL BACKGROUND

This case was filed on December 16, 2016 by Mr. José Julián Cruz-Berrios ("Plaintiff" or "Cruz-Berrios"), a Type II Diabetes Mellitus patient and inmate at Commonwealth of Puerto Rico's Institutional Complex 501 in Bayamón, Puerto Rico. (Docket No. 2). In his *Complaint*, Plaintiff takes issue with the medical treatment he has received (or failed to receive) while confined to said institution. Id.

Defendants include the Secretary of Corrections of the Commonwealth of Puerto Rico and other Department of Corrections officials (collectively, "the Governmental Defendants") as well as Manuel Quilichini as Chief Executive Officer of Correctional Health Services Corp. ("CHSC"), the former contract provider of

health services to the Puerto Rico Department of Correction's ("PRDC") inmates. Id. at ¶¶ 3.1-3.27. The current contract provider, Physicians HMO, Inc. ("Physicians HMO") was not joined in the *Complaint* and is not a party before the Court. Per his *Complaint*, Mr. Cruz-Berrios seeks declaratory injunctive relief and money damages. Id. ¶1.2.[1]

The *Complaint* includes claims arising under 42 U.S.C. §1983, the Americans with Disabilities Act, the United States Constitution and the Court's federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. Id. ¶2.1. It also invokes the Constitution and Laws of the Commonwealth of Puerto Rico and the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) as to the state law claims. Id. ¶2.6.

The case was transferred to the undersigned on **June 13, 2019**. (Docket No. 87). The Court appointed Plaintiff's most recent *pro bono* counsel on **June 17, 2019** and he entered his appearance on **September 1, 2019**. (Docket No. 93). Pending before the Court are the following motions, responses and other documents:

- Docket No. 56: *Motion to Dismiss Injunctive Relief for Lack of an Indispensable Party* ("Motion to Dismiss"), as to Manuel Quilichini ("Quilichini") and Gladys Quiles ("Quiles"), filed on **November 29, 2018**. In a nutshell, this motion contends that Plaintiff's request for injunctive relief should be dismissed for lack of an indispensable party: Physicians HMO, which is the current contract provider of health services to

---

[1] The claims for money damages are stayed since August 14, 2017 pursuant to the Puerto Rico Oversight Management and Economic Stability Act, PL 114-87. (Docket No. 19).

inmates confined in the Commonwealth of Puerto Rico's Correctional System;

- Docket No. 58: *Report and Recommendation* issued by the Hon. Marcos E. López, United States Magistrate Judge, on **January 10, 2019**, which recommends that the Court deny the Motion at Docket No. 56 and dismiss the *Complaint*'s request for preliminary injunctive relief for failure to join Physicians HMO because it is unclear if Plaintiffs' claims are moot;

- Docket No. 75: *Amended Motion for Temporary Restraining Order and Preliminary Injunction* ("Amended Preliminary Injunction")*,* filed by plaintiff Cruz-Berrios on **May 13, 2019**, which seeks preliminary injunctive relief "to prevent Defendants, from denying him necessary medical care to treat his co-Type 2 [sic.] diabetes and other co-ocurring [sic.] medical conditions, and otherwise discriminating against him on the basis of his [diabetes] disability." Id. at 1;[2]

- Docket No. 82: *Response in Opposition to "Amended Motion for Temporary Restraining Order and For Preliminary Injunction (Dkt. 75)* ("Response in Opposition")*,"* filed by the Governmental Defendants on **May 21 2019** and which requests, among other things, that the Court dismiss both the request for injunctive relief and the *Complaint* for Plaintiff's failure to exhaust administrative remedies; and

- Docket No. 95: *Motion in Compliance with Order and Notifying Absence from Jurisdiction* ("Motion in Compliance"), filed by Plaintiff Cruz-Berrios on **October 1, 2019** and in which Plaintiff's counsel contends that the lack of indispensable party has been cured by joining Physicians HMO to the amended motion for preliminary injunction at Docket No. 75. Plaintiff also seeks an extension of time to serve process upon Physicians HMO and Mr. Eric Rolón, the PRDC's Administrator.

---

[2] The Court notes that a Judge previously assigned to this case denied the temporary restraining order and explained that "Plaintiff has not demonstrated he has gone through administrative channels, providing a detailed account that identifies officials contacted and dates on which he acted to secure treatment for his alleged medical condition." (Docket No. 76).

Having considered the Parties' submissions, and as more fully explained below, the Court **DENIES** Plaintiff's *Amended Preliminary Injunction* at Docket No. 75. Plaintiff has not shown a likelihood on the merits of his claims because: (a) it is likely that he failed to exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a); (b) there is evidence on the record that he is receiving medical care and courts are loath to second guess physicians' professional judgments; and (c) he lacks a claim under the American with Disabilities Act ("ADA").[3] Moreover, Plaintiff's allegations of irreparable harm are not verified either in the *Complaint* or in pending motions for preliminary injunctive relief. Lastly, Plaintiff has failed to join Physicians HMO, which is a necessary party. The Court notes that Plaintiff requested an extension of time until November 30th, 2019 at Docket No. 95 to issue summons on Physicians HMO and Mr. Eric Rolon, current administrator of the Department of Corrections of the Commonwealth of Puerto Rico. The Court **DENIES WITHOUT PREJUDICE** said request because as explained

---

[3] As to this last point, *see e.g.*, Johnson v. Papendick, 2015 WL 4771381, at *8 (E.D. Mich. June 4, 2015) ("Even assuming, *arguendo,* that Plaintiff is disabled under the ADA, a prisoner such as Plaintiff who alleges that he is receiving incompetent treatment for a medical problem while in prison is not complaining of being excluded from a prison service, program, or activity, or of discrimination because of his disability and, therefore, fails to state a claim under the ADA. *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir.1996).")

below, the Court will consider whether summary judgment dismissing the *Complaint* is proper before joining any additional parties. Accordingly, the Court **DENIES WITHOUT PREJUDICE** defendants Quilichini and Quiles' *Motion to Dismiss*. Furthermore, the Court **ADOPTS** the Magistrate Judge's *Report and Recommendation* at Docket No. 58.

Lastly, because exhaustion of administrative remedies is a threshold requirement, the Court <u>sua sponte</u> **CONVERTS** the Governmental Defendants' *Response in Opposition* at Docket No. 82 into a motion for summary judgment under Fed. R. Civ. P. 56(d) on the question of whether the *Complaint* should be dismissed for failure to exhaust administrative remedies with respect to the claims presented by Plaintiff in the in the *Complaint*. The Court also sets a reasonable timetable for the parties to submit their materials in support of, or in opposition to, the summary judgment.

## II.  FACTUAL BACKGROUND

Mr. Cruz-Berrios is an inmate residing at PRDC's Institutional Complex 501 in Bayamón, Puerto Rico. (Docket No. 2 at ¶ 3.1). He is a Type 2 Diabetes Mellitus patient who alleges he must receive insulin five (5) times a day. Id. ¶ 4.1. Similarly, he alleges mistreatment by the Department of Corrections and CHSC personnel between October 2014 and August 15, 2016. Id. ¶4.08-4.50. Among other issues, Mr. Cruz-Berrios argues that: (a) he was denied medical care for a fungal skin infection; (b) insulin doses

were omitted or delayed; (c) his diabetic neuropathy has not been treated, and (d) he has been given the wrong medicine and treatment for his psychiatric condition. (Docket No. 2). Lastly, he contends the he "filed 5 administrative remedies" seeking that co-defendant Dr. Quiles provide him his daily doses of insulin. Id. ¶4.19.

According to Mr. Cruz-Berrios, the situations alleged in the *Complaint* are known to Department of Corrections officials ranging from the Wardens of Correctional Complexes 448 and 501 up to the Secretary of Corrections. (Docket No. 2 ¶4.57).

The Department of Justice, on behalf of the Governmental Defendants, filed a certification by Dr. Iliana Torres Mojica, Medical Services Corporate Director of CHSC, attesting that Mr. Cruz-Berrios had refused to go through with certain medical studies, such as a colonoscopy. (Docket No. 33-1 at 1). In the certification, Dr. Mojica also listed his pending medical appointments and explained how the administration of Mr. Cruz-Berrios' insulin takes place. Id. at 2-3. Co-defendant Quilichini subsequently filed an *Informative Motion* stating that Cruz-Berrios had rejected treatment by a podiatrist. (Docket No. 34 at 1).

### III. APPLICABLE LAW

**A. Standards for Issuance of Preliminary Injunctions Under Fed. R. Civ. P. 65:**

A preliminary injunction is considered an "extraordinary remedy never awarded as of right." Sindi v. El-Moslimany, 896 F.3d

1, 29 (1st Cir. 2018) (quoting Winter v. Nat. Res. Def. Council, 555 U.S. 7, 24, (2008)). To determine whether to issue injunctive relief under Fed. R. Civ. P. 65, the First Circuit uses the following the four-factor test: "(1) the movant's likelihood of success on the merits; (2) the likelihood of the movant suffering irreparable harm; (3) the balance of equities; and (4) whether granting the injunction is in the public interest." Shurtleff v. City of Boston, 928 F.3d 166, 171 (1st Cir. 2019)(citing Díaz-Carrasquillo v. García-Padilla, 750 F.3d 7, 10 (1st Cir. 2014)).

Likelihood of success on the merits is the touchstone or *sine qua non* requirement of a request for preliminary injunctive relief. Id. at 171 n. 3 (citing New Comm Wireless Services, Inc. v. Sprint Com, Inc., 287 F.3d 1 (1st Cir. 2002)); *see also* Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc., 794 F.3d 168, 173 (1st Cir. 2015). The First Circuit has emphasized that if a moving party cannot establish a likelihood of success on the merits, then the rest of the factors simply become "matters of idle curiosity." Arborjet, Inc., 794 F.3d at 173 (quotation omitted).

When ruling on preliminary injunctions, courts' determinations are only meant to be "reasonable prediction[s] of the probable outcome[s] of the litigation." Waldron v. George Weston Bakeries Inc., 570 F.3d 5, 11 (1st Cir. 2009). A district court "need not predict the eventual outcome on the merits with absolute assurance." Corp. Techs., Inc. v. Harnett,

731 F.3d 6, 10 (1st Cir. 2013) (quotation omitted). Therefore, "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981).

  **B. Exhaustion of Remedies under the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a):**

The PLRA, 42 U.S.C. § 1997e(a), provides that **"[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."** (emphasis added). Thus, "exhaustion of all available administrative remedies is 'mandatory' and 'a prerequisite to suit.'" Arroyo-Morales v. Administracion de Correccion, 207 F.Supp.3d 148 (2016) (quoting Porter v. Nussle, 534 U.S. 516, 524 (2002)). Further, this exhaustion must occur even if the available remedies fail to meet federal standards or if they are not "plain, speedy, and effective." Porter v. Nussle, 534 U.S. 516, 524 (2002). To wit, the First Circuit has stated that "[a] prisoner must exhaust administrative remedies before a complaint under § 1983 will be entertained even where the relief sought cannot be granted by the administrative process." Johnson v. Thyng, 369 F. App'x 144, 147 (1st Cir. 2010) (quoting Booth v. Churner, 532 U.S. 731, 734 (2001)). If a prisoner has not "satisfied the PRLF's exhaustion

requirement, [his] case must be dismissed." Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002).

Lastly, failure to exhaust "is an affirmative defense under the PLRA, and […] inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007).

### C. Exhaustion of administrative remedies under P.R. Department of Corrections Regulation.

Proper exhaustion of administrative remedies is not defined by the PLRA, "but by the prison grievance procedures." Id. at 217. Therefore, the scope of Mr. Cruz-Berrios' duty to exhaust administrative remedies is determined by the PRDC's regulations to which this Court "must look." Arroyo-Morales, 207 F.Supp. at 151. As summarized in Arroyo-Morales, the PRDC's "Regulation to Address the Application for Administrative Remedies Filed by Members of the Correctional Population" provides the following procedures:

> (1) review of the prisoner's petition by an evaluator, (2) an appeal, following the evaluator's response, to the regional coordinator, (3) a motion to have the regional coordinator reconsider his decision, (4) an appeal to the program director if the prisoner is unsatisfied with the regional coordinator's resolution, and (5) a request for judicial review before the Puerto Rico Court of Appeals. Id. at 151.

If an inmate fails to pursue even one of these steps, he has failed "to exhaust his administrative steps fully as required by the PRLA [sic]." Id.

**D. Magistrate Judge's Report and Recommendations.**

Pursuant to Fed. R. Civ. P. 72, a district court may refer a pending motion to a magistrate judge for a report and recommendation regarding the same. *See also* D.P.R. Civ. P. 72(b). Once the Magistrate Judge has issued his report, a party may file a written objection within fourteen (14) days after being served a copy of the report. *See* Fed. R. Civ. P. 72(a). A party that timely objects to a report and recommendation is granted a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made." United States v. Villa-Guillen, 2019 WL 3290774, at *1 (D.P.R. 2019) (quotation omitted). A district court may choose "to accept, reject, or modify, in whole or in part, the findings made" by the magistrate judge. 28 U.S.C. § 636(a)(b)(1).

If a party fails to object to the report and recommendation, then a review of the same by a trial court or the Court of Appeals is unavailable. The First Circuit stated in Santos-Santos v. Torres-Centeno that when no objection to a report and recommendation has been presented, a district court may assume that "[the affected party] agree[s] with the magistrate judge's recommendation." Santos-Santos v. Torres-Centeno, 842 F.3d 163, 166 (1st Cir. 2016) (quoting Santos-Santos v. P. R. Police Dep't., 63 F.Supp.3d 181, 184 (D.P.R. 2014)). Thus, the district court only needs to determine "that there is no 'plain error' on the

face of the record." Vazquez-Garcia v. Hacienda Madrigal, Inc., 2019 WL 4739324, at *1 (D.P.R. 2019) (citing López-Mulero v. Velez-Colon, 490 F.Supp.2d 214, 218 (D.P.R. 2007)).

### IV. ANALYSIS

**A. Plaintiff's Motion for Preliminary Injunction fails because he has not established a likelihood of success on the merits or irreparable harm:**

The crux of Defendant's argument in their *Response in Opposition* is that Plaintiff failed to exhaust all administrative remedies before filing suit in federal court in violation of the PLRA. (Docket No. 82 at 4-8). As part of their *Response in Opposition*, Defendants appended a "Certificate of Administrative Remedy." (Docket No. 82-2; certified English translation filed at Docket No. 88). Currently, this certification is unopposed. The Court notes that the Certification appears on official "Administrative Remedies Division Bayamon Detention Center 705" letterhead, bears the seal of the PRDC and contains the signature of Andres Martinez-Colon, Regional Coordinator of the Administrative Remedies Division. Therefore, it should be considered self-authenticating under Fed. R. Civ. Evid. 902(1). *See also*, Pagán-Porratta v. Municipality of Guaynabo, 2019 WL 4055133, at *6 n.7 (D.P.R. 2019) (holding that a certification on official "Autonomous Municipality of Guaynabo Human Resources Office" letterhead, bearing the seal of the Municipality and containing the signature the Human Resources Director of the

Municipality was self-authenticating); Jones v. Perry, 215 F. Supp. 3d 563, 567 n.1 (E.D. Ky. 2016) (holding that a letter bearing the seal and letterhead of the Commonwealth of Kentucky and the signature of a Warden was self-authenticating under Fed. R. Evid. 902(1)).

Here, it is likely that Plaintiff has failed to exhaust administrative remedies and that dismissal of the *Complaint* is warranted. *See e.g.* Acosta v. U.S. Marshals Service, 445 F.3d 509, 515 (1st Cir. 2006); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002) (holding that dismissal of complaint under 42 U.S.C. § 1983 was appropriate when an inmate failed to exhaust administrative remedies); Arroyo-Morales, 207 F. Supp.3d at 153; Rodriguez v. Rodriguez, 2014 WL 4407778, at *6 (D.P.R. 2014) ("[W]e find no allegation indicating that plaintiffs requested an administrative investigation […]. […] [P]laintiffs may not proceed with the aforementioned claims until […] they exhaust administrative remedies.").

The First Circuit has stated that to show a "likelihood of success […], plaintiffs must show 'more than mere possibility' of success — rather, they must establish a 'strong likelihood' that they will ultimately prevail." Sindicato Puertorriqueno de Trabajadores v. Fortuno, 699 F.3d 1, 10 (1st Cir. 2012) (citation omitted). As Plaintiff has seemingly failed to exhaust

administrative remedies as required by the PLRA, the logical conclusion is that he lacks a likelihood of success on the merits.

The Court also notes that Plaintiffs' allegations supporting his claims of irreparable harm have not been substantiated. As explained by a leading Civil Procedure Treatise, "**evidence that goes beyond unverified allegations of the pleadings and motion papers must be presented to support or oppose a motion for a preliminary injunction.**" 11A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2949 (3d ed. 2019) (citing Bossert v. Springfield Group, Inc., 579 F. Supp. 56, 58 (S.D. Ohio 1984)); *see also* Audette v. Town of Plymouth, MA, 858 F.3d 13, 24 (1st Cir.) (quoting Geshke v. Crocs, Inc., 740 F.3d 74, 78 n.3 (1st Cir. 2014)) ("[U]nverified allegations in a complaint are not evidence."); *see also* Air Master Awning, Inc. v. Green Windows, Corp, 2018 WL 4715444, at *4 (D.P.R. 2018) ("[P]laintiff failed to present and support its request for preliminary injunction with anything other than its unverified allegations in the complaint, **which are insufficient**."). Neither Mr. Cruz-Berrios' *Complaint* nor his motion for preliminary injunctive relief are verified or supported by affidavits. Thus, he fails to establish irreparable harm.

Given that "likelihood of success" is the touchstone of the preliminary injunction inquiry, and the Court understands that Plaintiff also failed to support his claims of irreparable harm,

the Court sees no need to address the two remaining factors of the injunctive relief inquiry as they have "**become matters of idle curiosity.**" Arborjet, Inc., 794 F.3d at 173 (quotation omitted). As such, Plaintiff's preliminary injunction request is **DENIED**.

   B. **The Court adopts the Magistrate Judge's Report and Recommendation because it was not timely opposed, Plaintiff conceded that Physician's HMO should be joined and denial of Plaintiff's motion for preliminary injunction is supported by the reasons in this opinion and order.**

On October 10, 2019, the Magistrate Judge issued a Report and Recommendation ("R & R"). (Docket No. 58). In said R & R, the Judge recommends that the preliminary injunction requested in page 44 of the *Complaint* at Docket No. 2 be denied. Id. at 4. The R & R also recommends that Plaintiff amend the *Complaint* to include Physicians HMO and file a motion for preliminary injunction against Physicians HMO if the requests for injunctive relief has not become moot by actions to improve Plaintiff's conditions by Physicians HMO. Id. at 3. The Court herein **ADOPTS** the Magistrate Judge's R&R as Plaintiff failed to oppose the same in a timely manner. A review of the Docket reveals as much. A failure to comply with the fourteen-day timeframe provided by Fed. R. Civ. P. 72(a) to object to the report "precludes further review." Abreu-Matos, 2019 WL 2339259, at *1. Be that as it may, Plaintiff filed a *Motion for Summons for Physicians HMO and Eric Rolon* at Docket No. 80. The Court noted the issuance of summons for these two Defendants at Docket No. 80 and the summons were subsequently issued on May 20th,

2019. (Docket No. 81). Therefore, while Plaintiff failed to present a timely objection to the R&R, he started to implement the suggestions therein. Accordingly, the Court **DENIES WITHOUT PREJUDICE** the *Motion to Dismiss* at Docket No. 56.[4]

### C. The Court will convert the Governmental Defendants' *Response in Opposition* into a motion for summary judgment:

The Governmental Defendants' *Response in Opposition* requests dismissal of the *Complaint* for failure to exhaust administrative remedies. (Docket No. 82). However, as this is the first time the Governmental Defendants present this issue to the Court, the *Response in Opposition* contains certain documents which are extraneous to the *Complaint*. As such, these documents cannot be considered in support of a motion to dismiss for failure to state a claim without conversion to a motion for summary judgment.

The First Circuit stated in Watterson v. Page, that "any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Furthermore, upon notice to the parties,

---

[4] The Court need not address the Necessary/ Indispensable Party argument because Plaintiff waived his right to object to Magistrate Judge's Report and Recommendation and he recognizes he should join Physicians HMO. (Docket No. 75 at 3). Further, in the Opinion and Order herein, the Court **DENIES WITHOUT PREJUIDCE** Plaintiff's *Motion in Compliance* regarding the matter of providing Plaintiff until November 30th, 2019 to summon Physicians HMO and Eric Rolon.

Fed. R. Civ. P. 12(d) provides that the court may convert motions to dismiss for failure to state a claim upon which relief can be granted or for judgment on the pleadings into a motion for summary judgment when matters outside the pleadings are presented. The rule also states that after the conversion occurs, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also* Freeman v. Town of Hudson, 714 F.3d 29, 37 (1st Cir. 2013) ("Reliance on facts beyond the complaint's allegations might require converting the motion to dismiss into a motion for summary judgment.")

Accordingly, pursuant to Fed. R. Civ. P. 12(d) the Court hereby **sua sponte** converts the Governmental Defendants' *Response in Opposition* into a motion for summary judgment under Fed. R. Civ. P. 56(d) on the question of whether the Plaintiff has exhausted administrative remedies with respect to the claims brought in the *Complaint*. The Court will consider the materials submitted by the Governmental Defendants in support of Docket No. 82 which are to wit: 1) the PDRC's "Regulation to Address the Application for Administrative Remedies Filed by Members of the Correctional Population"; 2) "Certificate of Administrative Remedy," and 3) Certification by the Medical Services Director of Bayamon Correctional Complex. (Docket No. 88). See Dockets No. 82-

1 to 82-3; Docket No. 88-1 (Certified Translation of Certificate of Administrative Remedy).

Defendants are granted until **November 29, 2019** to submit all evidentiary materials on the issue of exhaustion of administrative remedies that they want the Court to consider as part of its motion for summary judgment. Plaintiff shall in turn have until **December 20, 2019** to file an opposition to Defendants' motion for summary judgment with such affidavits and documents as the Plaintiff wishes the Court to consider with regards to the exhaustion issue. **The parties are reminded that affidavits and other materials submitted in support or opposition of summary judgment must comply with Fed. R. Civ. P. 56(c)**.

### V.  OTHER ISSUES

The Court notes that Defendant Quilichini included as an exhibit to his *Informative Motion* at Docket No. 34 a "Certificate of Appointment or Programmed Activity Not Complied With" explaining that Plaintiff refused to go to a schedule podiatrist appointment. (Docket No. 34-1). The Certificate in question is in Spanish and while Defendant Quilichini's subsequent "Motion to File Spanish Language Documents" (Docket No. 35) was granted at Docket No. 38, no English translation has been filed at Docket. Hence, Defendant Quilichini is **ORDERED** pursuant to Local Rule 5(g) to file an English translation of the above-mentioned certificate.

*See* D.P.R. Civ. R. 5(g). Defendant Quilichini shall have two (2) weeks to do so from the filing of this Opinion and Order.

### VI.  CONCLUSION

The Court is cognizant of the fact that Plaintiff initially proceeded *pro-se* and there have been several changes of *court-appointed* counsel. *See* Dockets Nos. 48, 53, 64 and 91. Nevertheless, a preliminary injunction is **"an extraordinary and drastic remedy that is never awarded as of right."'** Sindi, 896 F.3d at 29 (quotation omitted). The Court will not issue a preliminary injunction based on unverified allegations. Moreover, Plaintiff has not shown a likelihood of success on the merits of his complaint because the record shows it is probable he failed to exhaust administrative remedies as required by the PLRA.

Based on the foregoing the Court rules as follows:

- Docket No. 56: *Motion to Dismiss Injunctive Relief for Lack of an Indispensable Party* is **DENIED WITHOUT PREJUDICE;**

- Docket No. 58: Report and Recommendation is **ADOPTED;**

- Docket No. 75: *Motion for Preliminary Injunction* is hereby **DENIED;**

- Docket No. 95: *Motion in Compliance* is **DENIED WITHOUT PREJUDICE;**

- The Court **sua sponte** converts the Governmental Defendants' *Response in Opposition* at Docket No. 82 into a motion for summary judgment under Fed. R. Civ. P. 56(d) on the question of whether the plaintiff has exhausted administrative remedies with respect to the claims brought in the Complaint.

- Defendants are granted until **November 29, 2019** to submit a statement of uncontested material facts with all evidentiary materials in support thereof and a memorandum of law in support of the request for summary judgment due to failure to exhaust administrative remedies.

- Plaintiff shall in turn have until **December 20, 2019** to file an opposition to Defendants' motion for summary judgment.

- Defendant Quilichini has until **November 22, 2019** from the filing of this Opinion and Order to file a certified translation of the Certificate at Docket No. 34-1.

If Plaintiff prevails on the issue of exhaustion of remedies, the Court will grant him an opportunity to amend the *Complaint* to join Physicians HMO and Eric Rolon, thereby mooting the question of whether there is lack of a necessary party.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of November 2019.

S/ RAÚL M. ARIAS-MARXUACH<br>
United States District Judge