[CERTIFIED TRANSLATION]

Commonwealth of Puerto Rico
DEPARTMENT OF CORRECTIONS AND REHABILITATION
San Juan, Puerto Rico

**Number:** 8583
**Date:** May 4, 2015
**Approved by: Hon. David E. Bernier Rivera**
**Secretary of State**

*[illegible signature]*
**By: Francisco J. Rodríguez Bernier**
**Deputy Secretary of Services**

**REGULATION FOR ADDRESSING REQUESTS**
**FOR ADMINISTRATIVE REMEDIES**
**FILED BY MEMBERS OF THE**
**CORRECTIONAL POPULATION**

[CERTIFIED TRANSLATION]

**TABLE OF CONTENTS**

| RULE | | PAGE |
|---|---|---|
| | INTRODUCTION | 1 |
| I | TITLE | 4 |
| II | LEGAL BASIS | 4 |
| III | APPLICABILITY | 4 |
| IV | DEFINITIONS | 4 |
| V | ORGANIZATION AND STRUCTURE OF THE ADMINISTRATIVE REMEDIES DIVISION | 11 |
| VI | JURISDICTION | 13 |
| VII | RESPONSIBILITIES OF THE MEMBER OF THE CORRECTIONAL POPULATION | 15 |
| VIII | EMPLOYEE RESPONSIBILITIES | 17 |
| IX | SPECIFIC FUNCTIONS OF THE PERSONNEL OF THE DIVISION . | 18 |
| X | CONFIDENTIALITY | 23 |
| XI | PROHIBITION OF RETALIATIONS | 24 |
| XII | PROCEDURE FOR FILING REQUESTS | 24 |
| XIII | PROCEDURE FOR ISSUING RESPONSES | 27 |
| XIV | REVIEW OF RESPONSE TO REQUESTS FOR RECONSIDERATION OF ADMINISTRATIVE REMEDIES | 30 |
| XV | JUDICIAL REVIEW BEFORE THE COURT OF APPEALS | 32 |
| XVI | REQUEST FOR INVESTIGATION | 33 |

[CERTIFIED TRANSLATION]

| **RULE** | | **PAGE** |
|---|---|---|
| **XVII** | EMERGENCY SITUATIONS | **34** |
| **XVIII** | ALTERNATE PROCEDURE FOR PROCESSING REQUESTS FOR ADMINISTRATIVE REMEDIES IN EXTRAORDINARY SITUATIONS IN WHICH THE DESIGNATED PERSONNEL (EVALUATOR) IS NOT AVAILABLE | **36** |
| **XIX** | SEVERABILITY | 37 |
| **XX** | REPEAL | **38** |
| **XXI** | DISCIPLINARY MEASURES | **38** |
| **XXII** | EFFECTIVE DATE | **38** |

[CERTIFIED TRANSLATION]

[logo: Department of Correction
and Rehabilitation, Puerto Rico]

Commonwealth of Puerto Rico
DEPARTMENT OF CORRECTION AND REHABILITATION
San Juan, Puerto Rico

## REGULATION FOR ADDRESSING REQUESTS FOR ADMINISTRATIVE REMEDIES FILED BY MEMBERS OF THE CORRECTIONAL POPULATION

INTRODUCTION

Public Law No. 96-2476-(H.R.-10) "Civil Rights of Institutionalized Person Act," passed by the Congress of the United States of America, on May 23, 1980, 42 USC 1997 et seq., provides for the creation and development of an administrative body that causes each correctional institution to effectively resolve the claims made by the correctional population. The body will have the authority to enforce compliance with the duties and obligations created by laws and regulations that apply to the Department of Correction and Rehabilitation.

This legislation is applicable to the Commonwealth of Puerto Rico, as provided in Section 2 (4) thereof. The main objective of said law is for all persons incarcerated in a correctional institution to have an administrative body available to them, before which he or she can submit a request for a remedy, for its consideration, in order to minimize the [...]

**[Translator's note: The original text provided for translation skips to page 15.]**

[CERTIFIED TRANSLATION]

**[Translator's note:  The original document provided for translation skipped from page ii to page 15.]**

  e.   When a decision rendered by a committee in accordance with the approved regulations, as provided under the Uniform Administrative Procedure Act is refuted, unless the request for remedy refers to the failure to comply with the corresponding process imposed by a court.

  f.   When there are claims for accidents in the workplace or motor vehicle accidents, which are to be handled in keeping with the Automobile Accident Compensation Administration Act, unless the request refers to the Department of Corrections and Rehabilitation's failure to comply with taking members of the correctional population to receive initial or follow-up services.

  g.   Any other situation that does not comply with the provisions of this regulation for the filing of requests for remedies.

**RULE VII – RESPONSIBILITIES OF THE MEMBER OF THE CORRECTIONAL POPULATION**

  1.   The member of the correctional population shall be responsible for submitting request for remedies in a clear, concise, and honest manner, establishing dates and names of

[CERTIFIED TRANSLATION]

those involved in the incident. He or she will also provide all the information needed to explain his or her claim effectively.

2.    The member of the correctional population shall be responsible for submitting requests for remedies in good faith, to the best of his/her knowledge, and using appropriate language.

3.    Requests submitted on behalf of another member of the correctional population other than the person signing it shall not be accepted under this Rule, except for requests alleging that a member of the correctional population is at substantial risk of imminent sexual violence. (115.52-c1, c2)

4.    Members of the correctional population who do not know how to read or write may enlist the help of another member of the correctional population to write the request, but not to sign it on his or her behalf. The party submitting the request will establish a mark or sign he or she can recognize, and the name of the person who wrote the request, along with his or her inmate ID number is required. The member of the correctional population who wrote the request will sign it and state that the written information was offered by the party submitting the request.

5.    Members of the correctional population diagnosed as being mentally impaired will be able to submit their request for remedy through their legal representative, guardian, or family member.

16

[CERTIFIED TRANSLATION]

6.      Members of the correctional population must leave their request sealed inside of an envelope provided by the Department of Correction and Rehabilitation, in the mailbox located in the housing units at times when the correctional officer is the person who collects them.

7.      Third parties, including fellow inmates, officials, family members, attorneys, and external defenders, will be allowed to help inmates submit requests for administrative remedy in relation to complaints of sexual violence, and said parties will also be allowed to submit said requests on behalf of the inmate (115.52-e1, e2)

**RULE VIII – RESPONSIBILITY OF THE EMPLOYEES**

1.      All employees of the Department of Correction and Rehabilitation in charge of implementing or following this Regulation will be responsible for complying with its provisions.

2.      Intentionally providing false or incomplete information may serve as grounds for disciplinary actions against any employee who engages in such conduct.

3.      The superintendent of the institution, the head of the social adaptation home, the coordinator of the residential treatment center, the supervisor of the area in question, the medical director, and the supervisor of food services shall be responsible for [...]

**[Translator's note: The original document provided for translation skips to page 24.]**

17

[CERTIFIED TRANSLATION]

**[Translator's note:  The original document provided for translation skipped form page 17to page 24.]**

[...] The file shall be sent in an envelope sealed by authorized personnel, duly identified, and delivered into the hands of the addressee.

## RULE XI- PROHIBITION OF RETALIATIONS

1.  There shall be no retaliation against any members of the correctional population who somehow request or participate in the services of the Division.

2.  However, any evidence that the member of the correctional population provided false information during any stage of this procedure may be sufficient cause to file disciplinary actions against him or her.

3.  The Agency can discipline an inmate for filing a complaint related to an alleged act of sexual violence when the [administrative] body can demonstrate that the inmate filed the complaint in bad faith.  (115.52-g)

## RULE XII – PROCEDURE FOR FILING REQUESTS

1.  To initiate the request for administrative remedies, the member of the correctional population must first fill out the corresponding request form, which will be provided by the Division.

2.  The member of the correctional population will have fifteen (15) calendar days, starting from the time he or she learned of the events giving rise to the request to file same, unless there is just cause or a force majeure that prevents him or her from doing so.  Just cause or

[CERTIFIED TRANSLATION]

force majeure shall be understood as the member of the correctional population being hospitalized, being transferred from one correctional institution to another, or who is somehow unable to comply with the established term. In these circumstances, the member of the correctional population must detail the reasons in his or her request for remedy. Said term will not apply to claims or complaints related to sexual violence. (115.52-b1)

3.  Each correctional institution shall have mailboxes available for the members of the correctional population to leave their request for remedy. Requests sent by mail shall not be accepted, except for requests filed about sexual violence. In these cases, a copy of the request for remedy will be sent immediately note is taken [sic] to the Bureau of Correctional Institutions, who will then notify the Prison Rape Elimination Act (PREA) Coordinator Office

4.  The evaluator and the correctional officer appointed by the superintendent are the individuals responsible for visiting the housing areas of the correctional institutions or facilities from time to time in order to collect the requests from the mailbox during business hours and days. The superintendent or the commander of the guard will be responsible for assigning a correctional officer to provide them with security.

[CERTIFIED TRANSLATION]

5.    The evaluator will provide the member of the correctional population with a duly numbered, dated, signed, and coded copy of the request for remedy.    The evaluator will keep an index of the requests, identifying them by assigned numbers.    The copy of the request must be delivered to the member of the correctional population within ten (10) business days, unless there is a just cause for the delay.

6.    Once the request is received, the evaluator will refer the request for remedy to the superintendent of the institution, the head of the social adaptation home, the medical director, or the coordinator of the residential treatment center within fifteen (15) days.

7.    Requests for administrative remedies referred to the medical director will be processed, for information purposes, with a copy of the request sent to the superintendent of the institution where the inmate is located.

8.    Procedure for discussing cases with the medical area:

   a.    Within no more than  two (2)) days after the request for remedy is received, the evaluator  shall visit and meet with the quality coordinator of Correctional Health Services Corp. to discuss the issue raised by the member of the correctional population.  The evaluator shall

[CERTIFIED TRANSLATION]

prepare a case discussion certificate and then continue with the procedure established in the Regulation.

b.    If the evaluator is unable to meet with the quality coordinator of Correctional Health Services Corp, he or she will prepare a case discussion certificate indicating why the case could not be discussed, and the procedure established in the Regulation shall continue.

**RULE XIII – PROCEDURE FOR ISSUING RESPONSES**

1.    The evaluator shall use any procedures he or she deems necessary to obtain the information required in order to provide an appropriate response to the member of the correctional population.  For cases in which the evaluator responsible for issuing a response needs information contained in any of the member of the correctional population's files (social, criminal, or medical) in any other file or official documents, he or she may request a certification or interpretation of the file with respect to the required information.

2.    The superintendent of the institution, the head of the social adaptation home, the coordinator of the residential treatment center, the medical director, or the supervisor of food services must follow up on the corresponding areas in order to respond to the member of the correctional population about the allegations raised in the request and to be able to comply within fifteen (15) business days from

[CERTIFIED TRANSLATION]

the time it was notified in writing.  The response to the request may not be made by an employee who has been involved in the situation indicated.  Said response must be issued by an immediate supervisor.

3.   In situations where a member of the correctional population, or several of them, individually file a request regarding the same situation, the evaluator may, at his or her discretion, or as instructed by the regional coordinator, consolidate said requests and submit an individual response, or one single response if a member of the correctional population filed several requests regarding the same matter. (After having reviewed the administrative remedies file).

4.   Once the evaluator receives the required information, he or she will answer and submit the response, in writing, to the member of the correctional population within twenty (20) business days.  In cases where the request is related to claims about the medical area, the evaluator shall submit a copy of the response issued by the medical area to the member of the correctional population.  This response must be left exactly as it was issued by the medical director.

5.   The evaluator has the authority to dismiss the following requests.

28

[CERTIFIED TRANSLATION]

    a.      A request that has not complied with the procedures of this Regulation, including the provisions established in Rule VII.

    b.      A request for administrative remedy without the solution to the problem indicated having been processed with the superintendent of the institution, the head of the social adaptation home, a coordinator of the residential treatment center, or with the corresponding area.

    c.      A request for remedy filed after the established term.

    d.      A request for remedy filed more than once, about the same issue, by the same member of the correctional population, unless the situation recurs or it has not been resolved previously.

    e.      Due to lack of jurisdiction, as defined in Rule VI of this Regulation.

    f.      Any requests for remedies that contravene the morality, the law, public order, and rehabilitation of the member of the correctional population.

    g.      Whenever the member of the correctional population expresses opinions or asks for information in his or her request that has nothing to do with resolving a situation of his or her incarceration.

    h.      When the request raises two (2) issues from different areas in the same request.

[CERTIFIED TRANSLATION]

   i.  Any request that contains obscene language, dirty words, or a threat against any official. If the case of threats made in the request against any officer, the request may be referred for a disciplinary process.

   j.  A futile or immaterial request for remedies that does not involve the remedy of his or her situation of incarceration.

**RULE XIV – A REVIEW OF THE RESPONSE TO THE REQUEST FOR RECONSIDERATION OF ADMINISTRATIVE REMEDIES**

  1.  If the member of the correctional population does not agree with the response issued, he or she may request a review, via a Reconsideration before the Coordinator within the term of twenty (20) calendar days after the notification of the response has been received.

  2.  In said request, the member of the correctional population will be responsible for mentioning the number of the request for remedy to be reconsidered and he or she must include new issues that were not included in the original request.

  3.  The evaluator must send the request for reconsideration, along with the case file, to the coordinator immediately for the corresponding evaluation.

  4.  Once the request for reconsideration is received, the coordinator will have fifteen (15) days to respond to the member of the correctional population indicating whether or not he or she accepts the request for reconsideration.

[CERTIFIED TRANSLATION]

If it is denied outright or if the member of the correctional population does not receive a response to his or her request for reconsideration within fifteen (15) days, he or she may appeal, in writing, for a judicial review before the Court of Appeals. This term shall begin to be counted again from the time the notice of the denial is received or from the moment the fifteen (15) day term expires, as applicable.

If the request for reconsideration is accepted, the coordinator shall have thirty (30) business days to issue the Resolution of Reconsideration. This term shall begin to be counted from the date on which the response to the request for reconsideration is issued to the member of the correctional population, unless there is just cause.

5.    The evaluator shall deliver [the Resolution] to the member of the correctional population within five (5) business days after the response to the request for reconsideration issued by the coordinator is received.

6.    The coordinator may consolidate reconsiderations from several members of the correctional population from the same institution regarding the same problem. In such cases, a single response to the request for reconsideration will be issued, and it will be notified individually to the members of the correctional population concerned.

[CERTIFIED TRANSLATION]

7.      The coordinator may establish a term of days for the personnel of the corresponding area to issue a response to the interlocutory resolutions.

8.      If necessary, an examiner from the agency's legal division may, in an emergency situation, help the Coordinator issue responses to requests for reconsideration to the members of the correctional population.

**RULE XV – JUDICIAL REVIEW BEFORE THE COURT OF APPEALS**

1.      The member of the correctional population may request a review before the Court of Appeals within thirty (30) calendar days from the date the copy of the Notification of the Reconsideration Resolution issued by the Coordinator of Administrative Remedies is filed in the record, or ninety (90) days from the time the accepted Request for Reconsideration is filed, if the agency does not act pursuant to same.

2.      Any member of the correctional population who requests a judicial review must notify the Department of Correction and Rehabilitation with a copy of same within the thirty (30) day term. If thirty (30) days pass without the copy of the resolution being filed in the record of the case, it shall be deemed that a Judicial Review has not been filed before the General Court of Justice.  In such case, the Department of Correction and Rehabilitation may dispose of the case's administrative file.

32

[CERTIFIED TRANSLATION]

3.      Errors of form in Resolutions or those that appear in same through inadvertence or omission may be corrected by the Coordinator at any time, on his own initiative or through a motion filed by any party. The correction of said errors, through the procedural mechanism of a Nunc Pro Tunc Amendment, shall not interrupt the terms for requesting a judicial review.

## RULE XVI – REQUEST FOR INVESTIGATION

If the member of the correctional population requests to file a criminal complaint with the Puerto Rico Police Department, the superintendent of the institution, the head of the social adaptation home, the coordinator of the residential treatment center, or the person delegated such function, he or she shall be obliged and responsible for processing same.

1.      If there is an allegation of physical assault, a claim for belongings, an act constituting a crime, or any other act that, in the coordinator's judgment, merits investigation, the Head of Programs of the Correctional Institutions Bureau will be notified immediately. The Head of Programs of the Correctional Instititons Bureau, upon evaluating the request, may refer it, through the Deputy Secretary of Programs and Services, (OISC, Spanish acronym) for an administrative investigation of the facts.

[CERTIFIED TRANSLATION]

**RULE XX – REPEAL**

This Regulation repeals the "Regulation for Addressing Requests or Administrative Remedies Filed by Members of the Correctional Population," No. 8522 of September 26, 2014, and any other norm or regulation in conflict with what has been established herein.

**RULE XXI – DISCIPLINARY MEASURES**

All employees who violate the norms established in this Regulation may be subject to the imposition of disciplinary measures.

**RULE XXII – EFFECTIVENESS**

This Regulation, once enacted by the Secretary of the Department of Correction and Rehabilitation, shall go into effect thirty (30) days after it has been filed at the Department of State and once the formalities of Public Law No. 170 of August 12, 1988, as amended, known as the "Uniform Administrative Procedure Act" have been complied with.


Passed in San Juan, Puerto Rico, today, ___*April 30,*_____, 2015.



_____*[illegible signature]*_____
José A. Aponte Carro
Acting Secretary
Department of Correction and Rehabilitation

38