IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ JULIÁN CRUZ-BERRIOS,<br><br>**Plaintiff,**<br><br>v.<br><br>PUERTO RICO DEPARTMENT OF CORRECTION AND REHABILITATION, ET AL.,<br><br>**Defendants.** | CIVIL NO. 16-3155 (RAM) |

### OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Plaintiff's *Motion for Relief from Judgment Pursuant to F.R.C.P. 59(e)* ("*Motion for Relief*") (Docket No. 118) and Defendants' *Response in Opposition to Plaintiff's Motion for Reconsideration* ("*Response*") *(Docket No. 118)* (Docket No. 119). For reasons set forth below, the Court **DENIES** the *Motion for Relief* at Docket No. 118.

### I. PROCEDURAL BACKGROUND

Plaintiff José Julián Cruz-Berrios ("Plaintiff") is an inmate with Type-2 Diabetes Mellitus residing at Puerto Rico Department of Corrections and Rehabilitation's ("PRDC") Institutional Complex #501 in Bayamón, Puerto Rico. (Docket No. 2 ¶ 3.1). On December 16, 2016, he filed suit against the Secretary of Corrections of the Commonwealth of Puerto Rico and other PRDC officials as well as Manuel Quilichini as Chief Executive Officer of Correctional

Health Services Corp. ("CHSC"), the former health services contract provider to PRDC, and Dr. Gladys Quiles, who worked for CHSC at Complex #292 in Bayamón, Puerto Rico. Id. ¶¶ 3.2-3.27. In his *Complaint*, Plaintiff included claims arising under 42 U.S.C. § 1983, the Americans with Disabilities Act, the United States Constitution and the Court's federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. Id. ¶ 2.1. Lastly, he also invoked the Commonwealth of Puerto Rico's Constitution and Laws and the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) as to state law claims. Id. ¶ 2.6.

On November 27, 2019, Defendants filed a *Motion for Summary Judgment* alleging that the *Complaint* should be dismissed for failure to exhaust administrative remedies. (Docket No. 98). Plaintiff filed an opposition closely followed by Defendants' reply. (Docket Nos. 112 and 115, respectively). On March 25, 2020, this Court granted the *Motion for Summary Judgment* and issued a *Judgment* dismissing all of Plaintiff's claims for failing to file reconsiderations to his administrative requests and thus failing to exhaust available remedies. (Docket Nos. 116 and 117).

On May 12, 2020, Plaintiff filed a *Motion for Relief* alleging that his suit could not be dismissed because the grievance process had become unavailable when prison administrators failed to comply with their own grievance procedure. (Docket No. 118). Defendants filed their *Response* to the same on May 14, 2020. (Docket No. 119).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for the filing of motions for reconsideration. Therefore, a motion which asks "the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005). The First Circuit considers a reconsideration **"an extraordinary remedy which should be used sparingly."** U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted) (emphasis added). Hence, a court may grant one **only** if there is a "manifest error of law, [...] newly discovered evidence, or in certain other narrow situations [such as a change in controlling law]." United States v. Peña-Fernández, 394 F.Supp.3d 205, 207 (D.P.R. 2019) (quotation omitted).

Further, "[w]hen the motion **simply regurgitates contentions that were previously made and rejected, the movant has no legal basis to insist upon reconsideration**." Liu v. Mukasey, 553 F.3d 37, 39 (1st Cir. 2009) (emphasis added). A reconsideration does "not provide a vehicle for a party to undo its own procedural failures." Peña-Fernández, 394 F.Supp.3d at 207 (quotation omitted). Hence, it "is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." Joan Oquendo v. Costco Wholehouse Corporation, 2020 WL 2457545, at *1 (D.P.R. 2020) (quotation omitted).

## III. ANALYSIS

In his *Motion for Relief*, Plaintiff posits that Defendants failed to comply with rules prescribed in Regulation No. 8583, the "Regulation to Address the Application for Administrative Remedies Filed by Members of the Correctional Population" (the "Regulation") which governs prison grievance procedures in Puerto Rico. (Docket No. 118 at 4). He contends that Defendants failed to abide by two rules: (1) Rule XII-5, when they failed to provide him with a copy of at least three of his requests within ten (10) days after he filed them; and (2) Rule XIII-4, when they failed to provide him with a response to his requests within the twenty-day deadline provided by the Rule and instead answered the requests two (2) years later. Id. Plaintiff thus alleges that he "exhausted the administrative remedies however Defendant failed to comply with its own Regulations." Id. Which makes the remedies "unavailable" and his claim should not be dismissed for failure to exhaust. Id. at 5. Finally, he requests to "summons [sic] Defendants who are currently responsible for Plaintiff's health treatment." Id.

In their *Response*, Defendants state that the Court already addressed the issues being presented by Plaintiff in his *Motion for Relief*. (Docket No. 119 at 2-3). They also aver that it should be denied because Plaintiff failed to present any change in controlling law, manifest error of law or a clear legal error. Id.

at 4. Defendants also posit that Plaintiff's request to summon Defendants he believes are responsible for his health woes is also unjustified because Plaintiff already had three (3) years to summon those he deemed "responsible for his alleged damages." Id.

The Court agrees with Defendants. Plaintiff failed to show in its *Motion for Relief* a manifest error of law, newly discovered evidence or any other circumstance which would warrant reconsideration of the Court's Opinion and Order at Docket No. 116. See Peña-Fernández, 2019 WL 3716472, at *2. In its Opinion and Order, the Court already addressed that even if Defendants answered Plaintiff's Request No. B-860-17, Request No. B-687-17, and Request No. B-686-17 in an untimely manner, Plaintiff still failed to file a reconsideration for any of them within the required timeframe after receiving the response. (Docket No. 116 at 13-14). Although the Court recognizes that some circumstances permit that an administrative remedy become "not capable of use," they are not present here. In Ross v. Blake, the United States Supreme Court defined such exceptions as:

> First, an administrative procedure is unavailable when it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use—*i.e.,* some mechanism exists to provide relief, but no ordinary prisoner can navigate it. And finally, a grievance process is rendered unavailable when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation.

Ross v. Blake, 136 S. Ct. 1850, 1853–54 (2016). Moreover, only decisions that are not binding on this District, have determined that untimely responses to an inmate's requests are sufficient to prove that a grievance process was unavailable. *See* Shifflett v. Korszniak, 934 F.3d 356, 365 (3d Cir. 2019); *see also* Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005); Powe v. Ennis*,* 177 F.3d 393, 394 (5th Cir. 1999). Neither the First Circuit, nor any court within the circuit, has determined that an untimely response by prison administrators is sufficient to justify a prisoner's failure to exhaust administrative remedies.

Plaintiff claims, without more, that "Defendant in a likely retaliation manner and/or a complete disregard for Plaintiff health and right did not comply to their part on the exhaustion process." (Docket No. 118 at 5). However, the grievance process on the record clearly shows otherwise. The administrative process did not operate as a "simple dead-end," it was not so opaque as to become "incapable of use" nor did Plaintiff present any evidence that prison administrators attempted to thwart his attempts to use the grievance procedure. *See* Ross, 136 S. Ct. at 1853–54. First, the grievance procedure was not opaque considering that Plaintiff filed five (5) requests between 2015-2017, which the Court already addressed in its Opinion and Order. (Docket No. 116 at 13-14).

Second, the record plainly shows that the process was not a dead-end because the officers attempted to abide by the Regulation. Plaintiff states that responses to his Requests Nos. B-868-17, B-687-17, and B-687-17 were all untimely notified to him on November 2019. (Docket No. 118 at 3). However, the record reflects that prison administrators and the evaluator did address Plaintiff's requests within the timeframe allotted by the Regulation. (Docket No. 106-1 at 4). The *Certification of Administrative Remedies* ("*Certification*") filed alongside Defendants' *Motion for Summary Judgment* shows that the evaluator attempted to inform Plaintiff of the outcome of the three above-mentioned requests in a timely manner, yet Plaintiff failed to answer the call at his section to receive the responses. Id. This was also already addressed in the Court's Opinion and Order. (Docket No. 116 at 13).[1]

Third, as highlighted by Defendants' *Response*, Plaintiff failed on multiple occasions to address why he did not answer the evaluator's calls. (Docket No. 119 at 3). Similarly, Plaintiff failed to present any evidence explaining if he attempted to follow-up on the pending grievance procedures. He therefore failed to evince how Defendants thwarted his attempt to navigate the grievance procedure. Thus, his allegations of "unavailable" remedies, which could potentially excuse his failure to exhaust

---

[1] The other two requests filed by Plaintiff, Requests Nos. Q-032-15 and B-2599-15, were answered and notified to him on a timely basis. The Court already addressed this in its Opinion and Order. (Docket No. 116 at 14).

failed at the summary judgment stage. *Cf.* Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 154 (3d Cir. 2016) (holding that administrative remedies were unavailable when institution's personnel failed to timely respond to inmate's grievance per procedural rules and when they repeatedly ignored his follow-up requests for a decision on his claim).

Lastly, as the Court is affirming its decision to dismiss the case at bar, it need not address Plaintiff's request for permission to summon Defendants who are allegedly responsible for his health treatment. Having previously addressed Plaintiff's arguments at Docket No. 116, the Court **AFFIRMS** its Opinion and Order granting summary judgment against Plaintiff and dismissing all claims against Defendants (Docket Nos. 116 and 117).

### IV.  CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's *Motion for Relief from Judgment Pursuant to F.R.C.P. 59(e)* (Docket No. 118).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of May 2020.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge